# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID C. CORSON,**

      **Plaintiff,**

*vs*.                                           **CIVIL ACTION NO. 1:09CV49**

**SECRETARY OF VETERANS AFFAIRS,**

      **Defendant.**

## ORDER/OPINION

On the 9th day of April, 2009, Plaintiff filed his Complaint in this Court against Defendant [DE 1], along with a Memorandum of Points and Authorities for Injunctive Relief, Specific Performance Relief, Declaritory [sic] Relief or Motion for Jury Trial [DE 2] and Memorandum of Points and Authorities in Support of Appellants Motion for Summary Judgment [DE 3].

On November 3, 2009, Plaintiff filed a "Motion for Correction of Errors and Motion for Frist [sic] Amendment of Pleadings" [DE 28]. The Court construes this motion as a Motion to Amend Complaint. Defendant has not responded to this motion, nor does the Court require a Response to resolve the issue. Plaintiff requests only that he be permitted to amend his original complaint to correct his error in citing to the 14th Amendment instead of the 5th Amendment to the Constitution throughout his complaint; that he be permitted to add a sentence to his strict scrutiny claim; and that he be permitted to state an additional claim for relief at paragraph 62 of the Amended Complaint, requesting the Court "direct the VA to provide Strict Scrutiny in all of his appeals from VA decisions of Service Connected disabilities which have either been denied an increase or which have been severed, in view of the fact that Veterans Benefits were made a Protected Property interest in Plato v. Roudebush, 397 F.Supp 12195 (D.Md. 1975), and Devine v. Cleland, 616 F.2d 1080 (9th Cir. 1980.)"

Federal Rule of Civil Procedure 15(a)(2) requires that the Court "freely" grant leave to amend "when justice so requires." Leave to amend should be denied only when the moving party has acted in bad faith, the opposing party would incur undue prejudice, or when the amendment would be futile. See Edwards v. City of Goldsboro, 178 F.3d 213 (4th Cir. 1999). The defendant has not objected to the motion and there is no evidence that Plaintiff acted in bad faith or that the defendant would be prejudiced by the amendment.

Accordingly, in the interest of justice, the Court **GRANTS** Plaintiff's "Motion for Correction of Errors and Motion for Frist [sic] Amendment of Pleadings," construed as a Motion to Amend Complaint [DE 28].

The Clerk is directed to file Plaintiff's Attachment #1 to DE 28, as his Amended Complaint. The Clerk is further directed to re-file particular attachments from the original Complaint [DE 1] (#2 Attachment 1-Appeal, #3 Attachment 2- In the matter of the motion of Corson, #4 Exhibit 2, and #5 Attachment 3– Findings and decision) as Attachments #1, 2, 3, and 4 to the Amended Complaint.

It is so **ORDERED**.

The Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se*.

DATED: November 6, 2009

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE