**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DAVID C. CORSON,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:09CV49
                                                     (Judge Keeley)

**SECRETARY OF VETERANS AFFAIRS,**

    **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On April 9, 2009, the pro se plaintiff, David C. Corson ("Corson"), filed a complaint (dkt. no. 1) against the defendant, Secretary of Veterans Affairs ("VA"), along with a "Memorandum of Points and Authorities for Injunctive Relief, Specific Performance Relief, Declaritory [sic] Relief or Motion for Jury Trial" (dkt. no. 2), and a "Memorandum of Points and Authorities in Support of Appellants [sic] Motion for Summary Judgment." (dkt. no. 3).

On July 27, 2009, the VA filed a motion to dismiss Corson's complaint, together with a supporting memorandum. (dkt. nos. 17 & 18). In its motion, the VA argues that the Court lacks subject matter jurisdiction because judicial review of individual VA benefits decisions is within the jurisdiction of the United States Court of Appeals for Veterans Claims, the United States Court of Appeals for the Federal Circuit, and, ultimately, the United States Supreme Court. On August 26, 2009, Corson filed his "Answering Brief to Defendants [sic] Motion to Dismiss with Memorandum of Points and Authorities and Declaration of David C. Corson," and

"Motion to Seal Records and for a Closed Jury Trial." (dkt. no. 21)(both of these documents were filed under dkt. no 21).

Two months later, on October 26, 2009, Corson filed a "Motion for Preliminary Injunctive Relief[,] Motion to Strike[,] Motion to Stay[, and] Motion for TRO." (dkt. no. 26). Finally, on November 3, 2009, he filed a "Motion for Correction of Errors and Motion for First [sic] Amendment of Pleadings" (dkt. no. 28), which the Court granted. (dkt. no. 32). Corson then filed his Amended Complaint on November 6, 2009. (dkt. no. 33).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court referred the matter to United States Magistrate Judge John S. Kaull. On January 12, 2010, Judge Kaull issued his very thorough Report and Recommendation ("R&R") that recommended dismissing Corson's complaint because the Court lacked subject-matter jurisdiction over Corson's claims. (dkt. no. 36). Judge Kaull also recommended that all of Corson's outstanding motions be denied as moot. The R&R specifically warned Corson that his failure to object to the recommendation within fourteen calendar days would result in the waiver of his appellate rights on these issues.

In reviewing a magistrate judge's R&R, the Court reviews de novo any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which there are no

2

objections. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Corson filed no objections in response to Magistrate Judge Kaull's R&R, and the time in which he may do so has expired.[1]

As there are no objections to the R&R, the Court **ADOPTS** the R&R in its entirety, and **ORDERS** that Corson's case be **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket. Likewise, the Court **DENIES AS MOOT** the "Motion to Seal and for Closed Jury Trial" (dkt. no. 21), and the "Motion for Preliminary Injunctive Relief[,] Motion to Strike[,] Motion to Stay[, and] Motion for TRO." (dkt. no. 26).

The Clerk is directed to mail a copy of this Order to the petitioner.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: February 8, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Corson's failure to object to the R&R not only waives his appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).